<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SYEDYASIR NAQVI,<br><br>          Plaintiff,<br><br>          v.<br><br>DOMINO'S IP LLC, ZAIDI UNIVERSAL LLC, SYED S. ZAIDI, BRIAN LUGO, AARON SILVERMAN, CHRISTOPHER CANDELARIO, MASSOUD ANSARI, SYED AKHTAR ZAIDI, and MSNF FOODS<br><br>          Defendants. | Case No. 2:25-cv-02672 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Syedyasir Naqvi's ("Plaintiff") Amended Complaint, filed pursuant to 29 U.S.C. § 207 (ECF No. 2), against Domino's IP LLC ("Domino's IP), Zaidi Universal LLC ("Zaidi Universal"), Syed S. Zaidi (Zaidi), Brian Lugo ("Lugo"), Aaron Silverman ("Silverman"), Christopher Candelario (Candelario), Massoud Ansari ("Ansari"), Syed Akhtar Zaidi ("Akhtar Zaidi"), and MSNF Foods (collectively, "Defendants"). Plaintiff also filed application to proceed *in forma pauperis*. (ECF No. 2.) When a nonprisoner seeks to proceed under 28 U.S.C. §1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(2); *Stamos v. New Jersey*, 396 F. App'x 894, 895 (3d Cir. 2010). Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the

reasons set forth below, and for good cause appearing, Plaintiff's Amended Complaint is **DISMISSED**.

## I. BACKGROUND

Plaintiff filed his Amended Complaint and Application to Proceed *in forma pauperis* on April 14, 2025. (ECF No. 2). Plaintiff alleges "[Defendants] failed to pay overtime wages" in violation of 29 U.S.C. § 207, invoking federal question jurisdiction over their state claims. (*Id.* ¶ 1, 6, 11) Further, Plaintiff alleges Defendants "issued bounced checks[] and improperly deducted" wages by withholding cash payments amounting to approximately $5000–$6000 to use for store renovations." (*Id.* ¶ 6, 11). After filing an unpaid wage claim with the Pennsylvania Department of Labor, Plaintiff alleges his claim was fraudulently closed due to falsified employment records produced by Defendants. (Id. ¶ 7.)

Plaintiff additionally claims he was subjected to "harassment," "severe emotional distress," and reputational harm after Lugo made defamatory statements on a recorded phone call, stating Plaintiff's daughter "should have been aborted," in retaliation for Plaintiff's exposure. (*Id.* ¶ 5, 9, 10.) Additionally, Plaintiff claims Defendants "knowingly disrupted Plaintiff's job opportunities through defamatory communications aimed at preventing his employment." (*Id.* ¶ 13)

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires district courts to review the complaints in all civil actions in which a litigant proceeds *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, 396 F. App'x 894, 895 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs the Court to review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *Id.* "The

legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x. 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Because Plaintiff is proceeding in forma pauperis, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(2009) (citing *Twombly*, 550 U.S. at 570). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 678 (citing Fed. R. Civ. P. 8(a)(2)).

### III.  DECISION

#### A.  Plaintiff Fails to State a Claim for Overtime Violations

To state an FLSA claim for overtime violations, a plaintiff must allege (1) plaintiff was an "employee" as defined by the FLSA; (2) defendant was "engaged in commerce" as defined by the FLSA; and (3) the plaintiff was not paid the federal minimum wage or was not paid overtime compensation for hours worked in excess of forty in a given week. *Ajanel v. JC HVAC LLC*, Civ. No. 24-02150, 2025 WL 1671318, at *4 (D.N.J. Jun. 12, 2025); *see Thompson v. Real Est. Mortg. Network,* 748 F.3d 142, 148 (3d Cir. 2014); *Davis v. Abington*, 765 F.3d 236, 242 (3d Cir. 2014). When alleging defendant did not pay the overtime rate, Plaintiff must "sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Abington*, 765 F.3d at 242.

Here, Plaintiff's Amended Complaint is devoid of any information alleging he was employed as defined by the FLSA or whether Defendants were "engaged in commerce" under the FLSA. (*See generally* ECF No. 2, ¶¶ 5–13.)  Further, Plaintiff does not allege sufficient facts to show he worked "forty hours in a given workweek" and "some uncompensated time [worked] in excess of the forty hours." (*See id.*). Plaintiff fails to allege any of the specific factual allegations required of an FLSA claim for overtime violations. Accordingly, Plaintiff fails to state a claim upon which relief can be granted.

### B. Supplemental Jurisdiction

As to Plaintiff's N.J.S.A § 2A:23-1 (Count I), N.J.S.A § 34:19-3 (Count II), Intentional Infliction of Emotional Distress (Count IV), and Tortious Interference (Count V), this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (ECF No. 2 ¶ 9, 10, 12, 13.) Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When federal claims are dismissed in early stages of litigation, district courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); *see also Hedges v. Musco*, 204 F.3d 109 (3d Cir. 2000); *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir. 2009). Here, because Plaintiff's remaining claims are based purely on state law, they are not claims over which this Court has original jurisdiction. Therefore, at this early stage in litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against defendants.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. An appropriate Order follows.

Date: December 12, 2025

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE